THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN VAN BUSKIRK, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CONOCOPHILLIPS, INC., a foreign corporation; and INTALCO ALUMINUM CORPORATION, a foreign corporation,<br><br>　　　　　Defendants. | CASE NO. C06-1220-JCC<br><br><br>ORDER |

This matter comes before the Court on Defendants ConocoPhillips' and Intalco Aluminum Corporation's Motion for Costs Pursuant to Fed.R.Civ. P. 54(d) (Dkt. No. 92), Plaintiffs' Opposition (Dkt. No. 95), and Defendants' Reply (Dkt. No. 97). The Court has carefully considered these papers, their supporting declarations and exhibits, and the balance of relevant materials in the case file, and has determined that oral argument is not necessary. For the reasons explained below, the Court hereby DENIES Defendants' motion.

I.   **BACKGROUND**

Plaintiffs are a group of homeowners from a Puget Sound-fronting community near Ferndale, WA. (Am. Compl. 1–6 (Dkt. No. 4).) Plaintiffs initiated this case by filing a

ORDER
PAGE - 1

complaint against Defendants asserting state causes of action, both statutory and common-law, based on erosion to Plaintiffs' beachfront properties allegedly caused by Defendants' business operations. (Compl. (Dkt. No. 1).) On November 10, 2009, this Court entered summary judgment in favor of Defendants based on Plaintiffs' collective inability to prove the amount of the erosion to their properties allegedly caused by Defendants. (Order (Dkt. No. 90).)

On November 30, 2009, Defendants filed the present motion, which seeks costs pursuant to Federal Rule of Civil Procedure 54(d). Defendants filed with the Court a Bill of Costs totaling $35,619.50 (Dkt. No. 94), which represents Defendants' costs for deposition transcripts and the attendance of a court reporter at the depositions of all individual Plaintiffs and Plaintiffs' four experts. (*See* Degginger Decl. (Dkt. No. 93).)

## II. DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) states that "costs--other than attorney's fees--should be allowed to the prevailing party" unless a federal statute, rule or court order provides otherwise. Although Rule 54 creates a presumption for the award of costs to prevailing parties, a court has discretion to decline to award costs when it explains why, under the circumstances of the case, such award would be inappropriate or inequitable. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–945 (9th Cir. 2003); *Ass'n of Mexican-American Educators v. State of California*, 231 F.3d 572, 591, 593 (9th Cir. 2000). Such circumstances may include: the losing party's limited financial resources, *see National Org. for Women v. Bank of Cal.*, 680 F.2d 1291, 1294 (9th Cir. 1982); misconduct on the part of the prevailing party, *see National Info. Servs.*, 51 F.3d 1470, 1472 (9th Cir. 1995); and the importance and complexity of the issues, *see Save Our Valley*, 335 F.3d at 945.

The Court denies Defendants' requested transcript costs due to the narrow basis for its granting of summary judgment, the burden that such costs would impose on a group of private homeowners, and the inequity of placing the entirety of such costs on Plaintiffs, whose case was dismissed on an issue of proof rather than merit.

ORDER
PAGE - 2

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Costs (Dkt. No. 92) is DENIED.

DATED this 28th day of April, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3